# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEON COLEMAN,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. MAB 12-3801 |
| **UNITED STATES OF AMERICA,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Defendant United States of America filed a "Motion *in Limine* to Limit Recovery to Sum Certain of Administrative Tort Claim and to Exclude or Limit Damages." (Mot. *in Limine*, ECF 29.) This motion relates to a Federal Tort Claims Act ("FTCA") action in which Plaintiff Keon Coleman seeks to recover damages for medical expenses, lost wages, and pain and suffering that he allegedly suffered following a traffic accident with a government employee. (*See generally* Mot. *in Limine*.) Defendant seeks to (1) limit the amount Plaintiff may recover under the FTCA to the amount he sought in his original administrative tort claim; (2) preclude Plaintiff from recovering medical expenses for services provided more than three years ago; (3) prevent Plaintiff from recovering for future surgery to correct alleged ongoing discomfort from his injury because the need for such surgery is speculative; and (4) prevent Plaintiff from recovering lost wages. (*See generally* Mot. in *Limine*.) The parties have fully briefed the issues. For the following reasons, the court hereby **DENIES** the motion in part and **HOLDS IN ABEYANCE** the remainder pending trial.

### I. Defendant's Motion to Limit Plaintiff's Recovery Under the FTCA to the Amount Sought in Plaintiff's Original Administrative Tort Claim

The FTCA limits recovery in a lawsuit arising from an administrative tort claim to the amount requested in that claim unless the plaintiff can show that "newly discovered evidence" or "intervening facts" justify increasing the amount. 28 U.S.C. § 2675(b). In this case, Plaintiff seeks an amount well in excess of what he sought in his administrative claim, allegedly because a plate that was replaced in his forearm following the traffic accident has become uncomfortable and must be removed, resulting in additional medical expenses. (*See* Resp. 2; *see also* Compl.) Defendant does not appear to dispute that Plaintiff's stated discomfort with the plate is a recent development. Defendant argues that deposition testimony from Plaintiff's doctor states that he would have advised Plaintiff when the plate was first replaced about the possibility of future surgery and, therefore, the Plaintiff was on notice about such possibility prior to submitting his administrative tort claim. (Mot. *in Limine* 2-6.)

Upon considering these issues, the court will hold in abeyance the question of whether Plaintiff's recovery must be limited to the amount sought in his original administrative tort claim. Plaintiff will have the burden of proving at trial the existence of newly discovered evidence or intervening facts to justify increasing the amount he may recover. *Kielwien v. United States*, 540 F.2d 676, 679-80 (4th Cir. 1976); *see also Spivey v. United States*, 912 F.2d 80 (4th Cir. 1990). Also, Plaintiff will have the burden of proving that the traffic accident at issue was the probable cause of the discomfort he claims necessitates future surgery and the medical expenses that surgery would entail. *Hurley v. United States*, 923 F.2d 1091, 1094 (4th Cir. 1991); *Doherty v. Aleck*, 641 S.E.2d 93, 97 (Va. 2007).

**II.    Defendant's Motion to Prevent Recovery of Medical Expenses More Than Three Years Old**

Defendant also moves to preclude Plaintiff from recovering medical expenses for services provided more than three years ago. (Mot. *in Limine* 7-9.) Defendant observes that Plaintiff's medical expenses were largely written-off by the healthcare providers who gave him care around the time of the accident. (Mot. *in Limine* 7-9.) Citing *McAmis v. Wallace*, Defendant urges that Virginia law only permits a Plaintiff to recover expenses actually incurred, and thus precludes damages for written-off expenses. (Mot. *in Limine* 7-9 (citing 980 F. Supp. 181, 184 (W.D. Va. 1997) (quoting *Va. Farm Bureau Mut. Ins. Co. v. Hodges*, 385 S.E.2d 612, 614 (Va. 1989))).) Defendant further argues that the statute of limitations to collect debts on these write-offs has passed in the jurisdictions where Plaintiff received medical care, making it impossible for Plaintiff to be held liable for the debt at a later date. (Mot. *in Limine* 7-9 (citing D.C. Code § 12-301(7); Md. Code Ann., Cts. & Jud. Proc. § 5-101).)

Regardless of whether the statute of limitations for collecting medical expenses has run, the most recent Virginia jurisprudence does not preclude Plaintiff from recovering written-off medical expenses. Since *McAmis*, the Virginia Supreme Court has repeatedly held that the collateral source rule precludes a tortfeasor from benefitting from any payment made by a third-party to a tort victim. *Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246 (Va. 2002); *Actuar v. Letourneau*, 531 S.E.2d 316 (Va. 2000); *accord Wright v. Smith*, 641 F. Supp. 2d 536, 543 (W.D. Va. 2009) ("In light of the Virginia Supreme Court's reasoning in *Acordia* . . . under the collateral source rule, a plaintiff should not be deprived of a benefit provided for him by his prior agreements, gifts or the operation of law . . . .") (emphasis removed); *see also* Comment b to the Restatement (Second) of Torts § 920A (1979). The court

therefore denies Defendant's motion to preclude Plaintiff from recovering written-off medical expenses.

### III.     Defendant's Motion to Preclude Recovery for Future Surgery

Defendant next moves to preclude recovery for a surgery that Plaintiff claims he needs to alleviate discomfort from a metal plate in his arm that was damaged and then replaced after the traffic accident. (Mot. *in Limine* 9-11.) Defendant argues that the need for this surgery is too speculative because it is not presently recommended by the Plaintiff's physician. (Mot. *in Limine* 9-11.)

Under Virginia law, a plaintiff may recover for future medical expenses if those expenses are "causally related to the defendant's negligence" and are "reasonable and medically necessary." *Wright*, 641 F. Supp. 2d at 541; *see also Corrigan v. United States*, 609 F. Supp. 720, 732 (E.D. Va. 1985), *rev'd on other grounds*, 815 F.2d 954 (4th Cir. 1987) (citing *Hailes v. Gonzales*, 151 S.E.2d 388 (Va. 1966)). Plaintiff may be able to sustain his burden of proving that such surgery is reasonable, necessary, and causally related to the traffic accident with the government employee. *See Wright*, 641 F. Supp. 2d at 540-41. Thus, the court will hold this issue in abeyance pending a full vetting of the facts at trial.

### IV.     Defendant's Motion to Preclude Recovery for Lost Wages

Finally, Defendant moves to limit Plaintiff's recovery of lost wages, arguing that the evidence Plaintiff has offered to demonstrate lost wages constitutes inadmissible hearsay. (Mot. *in Limine* 11-13.) Specifically, Plaintiff relies on a self-written letter to a potential employer that ostensibly memorializes an offer of employment and a contract that this prospective employer allegedly wrote detailing the terms of employment. (Mot. *in Limine* 11-13.) The court will hold

in abeyance the question of whether Plaintiff may recover lost wages subject to the Plaintiff's ability to produce admissible evidence of lost wages at trial.

V.      Conclusion

For the foregoing reasons, the court **DENIES** Defendant's motion in part and **HOLDS IN ABEYANCE** the remainder. A separate Order will **ISSUE**.

    /s Mark A. Barnett
Judge

Dated: February 28, 2014
New York, New York